UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | ) 2:19-cr-00033-JDL <br> ) |
| ISAIAH MOKEME, | ) <br> ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

Isaiah Mokeme is charged in the Indictment (ECF No. 3) with one count of conspiracy to distribute cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(B), and 846 (West 2020). Mokeme now moves for a bill of particulars pursuant to Fed. R. Crim. P. 7(f). ECF No. 103. For the reasons set forth below, I deny the motion.

**I. BACKGROUND**

The Indictment alleges that Mokeme and his co-conspirator, Jacorey Monterio, "knowingly and intentionally conspired with each other and others, known and unknown, to distribute [cocaine] in violation of [21 U.S.C.A. §§ 841(a)(1) and 846]." ECF No. 3 at 1. The Indictment also alleges that this conspiracy began "on a date unknown, but no later than January 9, 2019, and continu[ed] until about January 11, 2019, in the District of Maine and the Central District of California." ECF No. 3 at 1

**II. DISCUSSION**

"Motions for bills of particulars are seldom employed in modern federal practice," and "need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at

trial, or hampered in seeking the shelter of the Double Jeopardy Clause." *United States v. Sepulveda*, 15 F.3d 1161, 1192-93 (1st Cir. 1993). "The First Circuit has repeatedly held that an indictment charging a defendant with conspiracy is sufficiently specific and does not warrant a bill of particulars where it alleges the nature of the underlying criminal offense, the co-conspirators' names, and the dates during which the conspiracy existed." *United States v. Leo*, No. 2:18-cr-00122-JDL-2, 2019 WL 7340135, at *1 (D. Me. Dec. 30, 2019) (citing *United States v. Nelson-Rodriguez*, 319 F.3d 12, 30-31 (1st Cir. 2003), and *Sepulveda*, 15 F.3d at 1192-93).

The Indictment sets forth a three-day time span during which the conspiracy is alleged to have occurred (ECF No. 3), and the discovery that has been provided to Mokeme thus far is more than adequate to put him on notice of the specific conduct underlying the conspiracy charge. *See United States v. Hoffman*, No. 2:15-cr-068-NT, 2015 WL 6436787, at *2 (D. Me. Oct. 21, 2015). Nevertheless, Mokeme argues that he is prejudiced by the indictment's failure to "define when any . . . agreement between the parties was formed." ECF No. 103 at 5. But because "a conspiracy does not normally occur at only one particular time or place," but "often takes shape and is carried out over a period of time, . . . the absence of a statement of the precise dates and locations of [the acts constituting the conspiracy] does not necessarily render [an] indictment impermissibly vague." *United States v. Hallock*, 941 F.2d 36, 40-41 (1st Cir. 1991); *see United States v. Paiva*, 892 F.2d 148, 154-55 (1st Cir. 1989) ("[T]he government's temporal specifications in the Indictment, such as 'early 1983' and 'the fall of 1983,' were sufficiently narrow to allow [the defendant] to prepare his defense without surprise."). Thus, the details regarding the formation of a conspiracy need

not be alleged in the indictment.  *See, e.g., United States v. Gordon*, No. 2:14-cr-69-JDL-5, 2015 WL 1292644, at *5 (D. Me. March 23, 2015) ("The time period of the drug conspiracy in [the indictment] does not prejudice [the defendant] even though the start date is open-ended . . . ."); *United States v. Persico*, 621 F. Supp. 842, 868 (S.D.N.Y. 1985) (stating that "details as to how and when the conspiracy was formed, or when each participant entered it, need not be revealed before trial," and collecting cases).

Mokeme also contends that the discovery materials suggest that "there may have been other layers of the conspiracy[] and that multiple conspiracies may have existed between a number of individuals," ECF No. 103 at 5, and that the indictment's failure to describe these other layers or name the unindicted co-conspirators renders it unduly vague.  Contrary to Mokeme's contention, however, a "defendant is not denied adequate notice of the charge," such that a bill of particulars need issue, "merely by virtue of the failure to name all co-conspirators."  *United States v. Penagaricano-Soler*, 911 F.2d 833, 840 n.5 (1st Cir. 1990).

### III.  CONCLUSION

For the foregoing reasons, Mokeme's motion for a bill of particulars (ECF No. 103) is **DENIED**.

**SO ORDERED.**

Dated this 22nd day of September, 2020

                    /s/ JON D. LEVY
                  **CHIEF U.S. DISTRICT JUDGE**